UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE VAN BUREN,
personal representative for the
estate of William Reddie,

      Plaintiff,                                Case No. 13-14565
                                                          Honorable Thomas L. Ludington
v.

CRAWFORD COUNTY, CITY OF
GRAYLING, JOHN KLEPADLO,
ALAN SOMERO, CRAIG SHARP,
and STACY SAGE,

          Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

William Reddie was allegedly smoking marijuana in front of his two-year-old son when police were called to his home to investigate a domestic disturbance. Police officers claim they smelled marijuana, observed a pipe in Reddie's hand, and that Reddie admitted to smoking marijuana in the presence of his child. So the officers reported the situation to employees with Michigan's Department of Human Services (DHS), and then along with two DHS employees, those officers returned to Reddie's home to take his two-year-old son into protective custody.

When the state agents entered Reddie's home, he allegedly produced a knife, and one of the officers shot and killed him. Michelle Van Buren, the personal representative of Reddie's estate, then filed this lawsuit, alleging claims against the responding officers, including the man who shot and killed Reddie, and two DHS employees who were present to take Reddie's son into custody.

On March 12, 2014, the two DHS employees—Craig Sharp and Stacy Sage—filed a motion to dismiss Reddie's claims against them. The motion was granted on May 29, 2014. Two weeks later, Reddie filed a motion for reconsideration. Because that motion presents nothing new, however, it will be denied.

I

Van Buren filed her motion for reconsideration under Local Rule 7.1. Rule 7.1(h) allows a party to bring a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled," but also "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. *Id*.

II

The majority of Van Buren's motion relates to her allegations that Sharp and Sage lied in order to obtain a court order for the removal of Reddie's son, and "their entry into Reddie's residence was therefore unlawful and without legal or constitutional justification or protection." Pl.'s Mot. 6. Van Buren emphasizes that "the Court completely ignored [her] allegations . . . that Defendants Sage and Sharp not only lied that Reddie was smoking marijuana in front of his son, or smoking marijuana at all, but ignored the fact that the autopsy report . . . prov[ed] the lies that Sage and Sharp presented to the judge to get the court order." Pl.'s Mot. 11. Van Buren advances a number of cases where "state actors procur[ed] a warrant" through "lies, misstated facts, [or by] deliberately omit[ing] exculpatory evidence . . . ." *Id*. at 12. Over and over Van Buren asserts that "liability . . . attaches to Sage and Sharp for the resulting events and damages

that occurred as a result of their false and malicious procurement of an Order/Warrant to remove Reddie's son." *Id*. at 14.  She exclaims that Sharp and Sage's representations "**were not true and were in fact lies!**" *Id*. at 9 (emphasis in original).

But this very issue was addressed in the Court's Opinion and Order granting the motion to dismiss.  Indeed, the Court emphasized that "although Sharp's statements were based entirely on information he received from other officers, 'social workers . . . are entitled to rely upon information they receive from other officers, and are insulated from civil liability in the event the information they relied upon is defective.'" May 29, 2014 Op. & Order 11 (quoting *Andrews v. Hickman Cnty., Tenn.*, 700 F.3d 845, 860 (6th Cir. 2012)), ECF No. 26.  The Opinion specifically addresses the fact that Sharp (and Sage) were relying on another officer's information, and that fact "insulate[s them] from civil liability in the event the information they relied upon is defective." *Andrews*, 700 F.3d at 860.  So the entire discussion in Van Buren's motion for reconsideration relating to her allegations that Sharp and Sage lied to obtain a court order is misplaced and irrelevant.  This certainly is not grounds to reconsider the Court's order.

Van Buren's other arguments were also expressly addressed in the Court's previous Opinion and Order.  Her claim that she "did allege more than adequate facts sufficiently demonstrating a constitutional violation of [Reddie's] due process rights" was analyzed and dismissed.  *See* May 29, 2014 Op. & Order 13–16.  She vaguely asserts that she "pleaded facts to support . . . causes of action" for conspiracy, abuse of process, and gross negligence. Pl.'s Mot. 25.  She does not even attempt to indicate how the Court was mistaken aside from claiming that "the dismissal of the claims is erroneous." *Id*.  Certainly no demonstration of a palpable defect. Van Buren's argument that the Court "was incorrect when it concluded (without citation to authority) that gross negligence is not an independent cause of action under Michigan law,

because it is," fares no better: she does not explain how the Court committed a palpable error. And, notably, her assertion that the Court dismissed the gross negligence claim without citation to legal authority is incorrect. The following represents the Court's analysis on the gross negligence claim, reproduced exactly as it appeared in that Opinion and Order:

> Much of the parties' briefing is directed at whether Van Buren can succeed against Sharp or Sage on her gross negligence claim. Van Buren alleges that "gross negligence is a viable and independent cause of action that . . . must be permitted to move forward." Pl.'s Resp. 14. In her amended complaint, Van Buren alleges that Sharp and Sage "had a duty to exercise reasonable care" under Mich. Comp. Laws § 691.1407. Pl.'s Am. Compl. ¶ 61. Van Buren argues that Sharp and Sage violated this duty, acting with gross negligence, and therefore their conduct is actionable.
>
> The Sixth Circuit recently addressed this issue in *Bletz v. Gribble*, 641 F.3d 743 (6th Cir. 2011), where the plaintiff indicated that "defendants' alleged use of excessive force constituted gross negligence" under Michigan law, which the plaintiff pled as an independent cause of action pursuant to Mich. Comp. Laws § 691.1407. *Id.* at 756. The Sixth Circuit concluded, however, that "[a]lthough establishing that a governmental official's conduct amounted to 'gross negligence' is a prerequisite to avoiding that official's statutory governmental immunity, *it is not an independent cause of action*." *Id.* (emphasis added). Accordingly, the Sixth Circuit reversed the lower court's decision to allow a gross negligence claim to progress past the summary judgment stage. *Id.* ("Therefore, the district court erred in not dismissing plaintiff's state-law gross-negligence claim."). This Court will not make the same mistake, and Van Buren's gross negligence claim, Count V of her amended complaint, will be dismissed.

May 29, 2014 Op. & Order 7. Not only did the Court cite legal authority for its conclusion that gross negligence is not a recognized claim under Michigan law, it did so with a binding Sixth Circuit opinion.

Finally, Van Buren alleges that she should have been granted leave to amend her complaint. This issue, too, was addressed by the Court's Opinion and Order. *See id.* 18–19 n.5. Again, Van Buren identifies no palpable defect by which the Court was misled, she simply wants another bite at the apple on arguments that have already been addressed and dismissed. Rule 7.1(h) does not provide reconsideration under these circumstances.

- 5 -

Accordingly, it is **ORDERED** that Van Buren's motion for reconsideration, ECF No. 28, is **DENIED**.

Dated: June 27, 2014                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---