UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE VAN BUREN, Personal Representative
for the ESTATE OF WILLIAM REDDIE, deceased
and WILLIAM REDDIE,

        Plaintiff,                      Case No. 13-cv-14565

v.                                        Honorable Thomas L. Ludington

CRAWFORD COUNTY, CITY OF GRAYLING,
JOHN KLEPADLO, and ALAN SOMERO,
in their individual and official capacities,

        Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Michelle Van Buren has brought this suit on behalf of William Reddie, who was fatally shot by a Crawford County Sheriff's Department Deputy in February 3, 2012. ECF No. 1. On August 3, 2016, the Court issued an order which concluded that, based on the evidence then presented, summary judgment should be granted for the Defendants. The uncontroverted testimony of all living individuals present at the shooting demonstrated that Deputy Klepadlo could have believed that Mr. Reddie was holding a knife and threatening him when he was shot. However, Van Buren had raised a question of whether the Defendants had spoliated audio recording evidence of the shooting and preceding altercation. Because that issue was unresolved, the Court did not enter summary judgment for any Defendant in August.

During the fall of 2016, the Court held three days of evidentiary hearings on the spoliation issue. On January 17, 2017, the Court issued an order concluding that the City of Grayling and Officer Somero spoliated evidence and sanctioning them, reasoning that the

"simplest explanation for the missing recordings, taking all evidence into account, is deliberate spoliation." ECF No. 118 at 25. The Court also found that there was no evidence that the Crawford County Sheriff's Department had possession of a recording of the shooting and declined to sanction Crawford County or Deputy Klepadlo. *Id.* at 29–32. To sanction the City of Grayling and Officer Somero, the Court ordered that, at trial, a rebuttable presumption that the destroyed recordings would have favored Plaintiff would be imposed.

Because the Court had previously concluded, in August, that summary judgment was appropriate for all Defendants pending the resolution of the spoliation issue, the Court then addressed the outstanding motions for summary judgment:

> If the presumption that the recordings from Somero's vehicle would support Plaintiff's claims is not rebutted at trial, then the jury could reasonably find that Somero is liable for failing to prevent the use of excessive force. . . . Accordingly, granting Somero's motion for summary judgment would be unjustified. Further, summary judgment cannot be entered for Klepadlo. Klepadlo did not engage in evidence spoliation. However, Klepadlo was the officer who fired the fatal shot. If the presumption that the missing recording would have revealed evidence supporting Plaintiff's claims stands, and the jury finds against Somero, that conclusion would necessarily involve a determination that Klepadlo acted with excessive force. It would further mean that the jury did not believe Klepadlo's sworn testimony regarding what occurred in Mr. Reddie's apartment. The rebuttable presumption, in combination with Plaintiff's other evidence of officer misconduct, thus raises a genuine issue of material fact regarding whether Klepadlo acted with excessive force and whether Somero failed to stop that use of excessive
> force. Summary judgment cannot be granted for the individual Defendants.

*Id.* at 34–35.

The City of Grayling's and Crawford County's motions for summary judgment were granted, however, because Plaintiff only brought a *Monell* claim against them. The Court explained: "Because a single incident does not by itself constitute an unconstitutional custom, the rebuttable presumption will not create a material issue of fact as to whether the City of Grayling or Crawford County violated *Monell*." *Id.* at 35.

On January 30, 2017, Plaintiff filed a motion for reconsideration of the Court's order sanctioning Defendants. ECF No. 122. This is the third motion for reconsideration Plaintiff has filed in the case. *See* ECF Nos. 28, 87, 122. Like the other two motions for reconsideration, this motion is also without merit.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

Van Buren makes two arguments in the motion for reconsideration. First, she argues that the Court's sanction was "unfittingly mild." Mot. Recon. at 2, ECF No. 122. To substantiate this argument, Van Buren quotes portions of the January 17, 2017, opinion which discuss the seriousness of the City of Grayling's conduct. Van Buren also cites a number of cases which stand for the proposition that the Court has broad discretion to grant sanctions for evidence spoliation and that severe sanctions, like dismissal, may be imposed for merely negligent

- 4 -

spoliation. These concerns, however, were expressly addressed in the opinion. *See* ECF No. 118 at 32–33. Van Buren has not shown that, given the facts revealed in the hearing, a harsher sanction was required. That is because, as explained in the Court's order and emphasized again by Van Buren in the motion for reconsideration, district courts have "broad discretion to craft proper sanctions." *Adkins v. Wolever*, 692 F.3d 499, 503 (6th Cir. 2012).

Van Buren next argues that Crawford County and Deputy Klepadlo should have been sanctioned. Van Buren attempts to argue that Klepadlo's and Sheriff Wakefield's testimony regarding whether the recording system was working was inconsistent. At best, Klepadlo had slight inconsistencies in his testimony regarding extent to which he was certain that the recording system in his car was inoperable on the day of the shooting. But at the evidentiary hearing Klepadlo testified, with certainty, that he *did not wear a lapel mike* on the day of the shooting. Simply put, Van Buren has provided no affirmative evidence that a recording was ever created.

Neither of these arguments raise issues which were unaddressed in the Court's order, much less identify an "unmistakable" error. Rather, the motion raises questions about Plaintiff's counsel's good faith compliance with Federal Rule of Civil Procedure 11(b).

**III.**

Accordingly it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 122, is **DENIED.**

Dated: February 8, 2017                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

- 5 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2017.

                                     s/Kelly Winslow for
                                     MICHAEL A. SIAN, Case Manager